**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINWOOD BELLE,                              )          No. C 03-2564 PJH (PR)
                                           )
                Petitioner,                )          ORDER GRANTING
                                           )          MOTION TO DISMISS
        vs.                                )
                                           )          (Docket no. 5)
L.R. BANKS, Warden                         )
                                           )
                Respondent.                )
_____    )

        This is a habeas case brought pro se by a state prisoner under 28 U.S.C.

§ 2254.  The court issued a limited order to show cause instructing the respondent to

address whether the petition is barred by the statute of limitations contained in the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See 28 U.S.C.

§ 2244(d)(1).  Respondent filed a motion to dismiss on this ground.  In his opposition

petitioner contended he was entitled to statutory tolling for a state petition for review

he believed he had "filed" in the California Supreme Court.  In fact, because it was

untimely this petition for review had been stamped "received" by the California

Supreme Court but was not accepted for filing.  This court therefore concluded that

petitioner was not entitled to statutory tolling for the petition for review, but noted that

petitioner's purported confusion regarding whether the petition for review was

pending might be grounds for equitable tolling.  The court granted petitioner an

opportunity to file a supplemental opposition in order to develop an equitable tolling

argument, if he desired to do so.  When petitioner failed to do so, the court granted

the motion to dismiss.

        After the case had been dismissed, petitioner filed a motion for extension of

1    time to file the supplemental brief, explaining that he had not received the court's

2    previous extension until after the deadline set in it had expired.  The court construed

3    the motion for an extension of time as a motion to reconsider, granted it, and

4    reopened the case.  The court also extended the deadline for petitioner to file his brief

5    on equitable tolling, which he has done.  At the court's request, respondent has filed a

6    reply.  For the reasons discussed below, the court finds that petitioner has not

7    established that he is entitled to equitable tolling.

8                                    **BACKGROUND**

9           The following procedural history is undisputed.

10          On August 11, 1998 petitioner was convicted in Monterey County Superior

11   Court.  On direct appeal the California Court of Appeal affirmed the conviction in an

12   unpublished opinion on December 15, 1999.  No petition for review was filed in the

13   California Supreme Court.

14          On July 25, 2001 petitioner filed a petition for a writ of habeas corpus in the

15   California Court of Appeal, which was denied on October 23, 2001.

16          On April 2, 2002 he filed another petition for a writ of habeas corpus in the

17   California Court of Appeal, which was denied on April 29, 2002.

18          On May 16, 2002 he filed a petition for a writ of habeas corpus in the California

19   Supreme Court, which was denied on August 28, 2002.

20          On November 26, 2002 he filed another petition for a writ of habeas corpus in

21   the California Supreme Court, which was denied on April 30, 2003.

22          He filed the present federal habeas corpus petition on May 29, 2003.

23                                   **DISCUSSION**

24          The statute of limitations is codified at 28 U.S.C. § 2244(d).  Pertinent here is

25   the statutory requirement that petitions filed by prisoners challenging non-capital state

26   convictions or sentences must be filed within one year of the latest of the date on

27

28                                         2

which the judgment became final after the conclusion of direct review or the time

passed for seeking direct review.  28 U.S.C. § 2244(d)(1).[1]  The court previously

found that petitioner's judgment became final after the court of appeal issued its

opinion affirming the conviction.  According to California Rules of Court, Rules

24(b)(1) and 28(e), petitioner had forty days after the court of appeal's decision to

submit a petition for review to the California Supreme Court before the decision of the

court of appeal became final.  But the California Supreme Court received petitioner's

petition for review on January 27, 2000, forty-three days after the decision of the

court of appeal.  Therefore, the petition was not filed and was sent back to petitioner

stamped "RECEIVED JAN 27 2000 CLERK SUPREME COURT."[2]  Because the

California Supreme Court petition was rejected, the court of appeal's decision

became final forty days after it was issued, on January 24, 2000.  This completed the

process of direct review and, a day later, started the running of the statute of

limitations.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (if a petitioner

could have sought review by the state court of appeals or the state supreme court,

but did not, the limitation period will begin running against him the day after the date

on which the time to seek such review expired); id. (limitation period began running

day after time to seek discretionary review of California Court of Appeal's decision in

the Supreme Court of California expired, which was forty days after the Court of

---

[1]Other sections of the statute of limitations, which are not applicable here, provide alternatively that if the petition is not filed one year from the date on which the judgment became final, it must be filed within one year of the latest of the date on which an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or the factual predicate of the claim could have been discovered through the exercise of due diligence.   See 28 U.S.C. § 2244(d)(1).

[2]A declaration filed in support of respondent's motion to dismiss by John Rossi, Assistant Clerk for the California Supreme Court, confirms that this is the procedure used to return an untimely petition for review.  Reply, Ex. A.

1    Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc.

2    Code § 12a).  Accordingly, the statute of limitations began to run on January 25,

3    2000, and the petition was due in federal court on January 25, 2001.

4         The one-year statute of limitations is tolled under § 2244(d)(2) for the "time

5    during which a properly filed application for State post-conviction or other collateral

6    review with respect to the pertinent judgment or claim is pending."  28 U.S.C.

7    § 2244(d)(2).  Petitioner argues that he is entitled to statutory tolling such that his

8    federal petition was not due until April 24, 2001.  In support of this proposition he

9    cites Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001), in which the Ninth Circuit

10   clarified that the statute is tolled for an additional thirty days after the California

11   Supreme Court denies a petitioner's final state habeas petition because that is when

12   the denial becomes "final" under California Rule of Court 24.  Here, however,

13   petitioner did not file a habeas petition in the California Supreme Court until May 16,

14   2002, well after the statute had already expired.  Therefore Bunney is inapplicable to

15   the relevant time frame.  To the extent that petitioner might be attempting to argue

16   that the statute was tolled until after denial of his petition for review, see Miranda v.

17   Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner does not file petition for

18   certiorari, his conviction becomes final ninety days after the California Supreme Court

19   denies review), that argument fails as a matter of law because his petition for review

20   was never filed, let alone denied, by the California Supreme Court.  Thus, the court

21   continues to find that petitioner is not entitled to statutory tolling.

22        The court next considers whether petitioner has shown that his apparent

23   confusion about his attempt to file a petition for review entitles him to equitable tolling

24   of the statute of limitations.  The one-year limitations period can be equitably tolled

25   because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v.

26   United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997).  But

27

28                                         4

equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted). A litigant seeking equitable tolling of the AEDPA statute of limitations bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); see also Miranda, 292 F.3d at 1065 (the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him). The threshold necessary to trigger equitable tolling under the AEDPA is very high; this high bar is necessary to effectuate the AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims. Mendoza, 449 F.3d at 1068 (citations omitted). Equitable tolling determinations are highly fact-dependent. Id. (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)).

Having reviewed the evidence and arguments submitted by the parties in support of and in opposition to the motion to dismiss, the court finds that petitioner has not alleged facts or presented evidence which establish that he is entitled to equitable tolling. That is, the record does not support the proposition that any initial confusion petitioner might have had about the status of his petition for review in January 2000 made it impossible for him to timely file his federal petition by January 2001. Petitioner argues that he could not file a timely petition for review because the prison was on lockdown for "several months" beginning in early December 1999. But even if that was the case he still had a year from the date by which his petition for review should have been filed to present his claims to the California Supreme Court in a state habeas corpus petition and to file his federal habeas petition. Filing a state

habeas petition during the course of that year also would have served to toll the running of the statute of limitations.

The evidence also shows that the lockdown did not make it impossible for petitioner to pursue his rights, as is reflected by his attempts to receive his court file from his attorney.  According to this evidence, at some point following affirmance of his conviction on direct appeal on December 15, 1999 petitioner attempted to obtain his court file directly from his attorney.  When he was not successful he sent a letter to the state bar association.  In response, the bar association sent petitioner a letter dated August 1, 2000 stating that it had informed the attorney to forward the file to petitioner within ten days.  On August 7, 2000 the attorney sent petitioner the file.  Thus, petitioner was able to make progress in pursuit of challenging his conviction even while in lockdown.  And even though petitioner did not receive his court file until early August 2000, that still left several months for him to file a state habeas corpus petition and a timely federal petition.  That he might have faced a high hurdle in being able to prepare a petition without formal legal training or assistance is not, by itself, an extraordinary circumstance warranting equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).

Finally, petitioner submits documentation which shows that he was placed in administrative segregation for his own protection on November 28, 2000 and was still

6

1    in administrative segregation when a classification hearing was held on April 17, 2001.

2    But this fact, standing alone, does not bear on petitioner's ability to timely file his

3    petition because he makes no allegation and provides no support for the proposition

4    that simply being housed in administrative segregation made it impossible for him to

5    do so.  Cf. Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005)

6    (equitable tolling warranted where inmate confined in administrative segregation was

7    denied access to legal files for eleven months despite his repeated requests for them).

8    Moreover, he provides no explanation for his failure to file a state habeas  petition

9    (which, as noted above, would have tolled the statute of limitations), in the more than

10   three months between August 7, 2000, when he received his court file, and November

11   28, 2000, when he was placed in administrative segregation.

12       The court is cognizant of the difficulties pro se petitioners can face in

13   negotiating their way through the legal system.  In order to be entitled to equitable

14   tolling, however, petitioner bears the burden of showing that extraordinary

15   circumstances outside of his control, either alone or in tandem, see Lott v. Mueller,

16   304 F.3d 918, 920 (9th Cir. 2002), made it impossible for him to timely file his federal

17   petition.  This he has not done.  Accordingly, the petition is untimely and the motion to

18   dismiss is GRANTED.

19   //

20   //

21   //

22   //

23   //

24   //

25

26                                    **CONCLUSION**

27

28                                         7

1      For the foregoing reasons, Respondent's motion to dismiss the petition as

2 untimely is GRANTED.  (Docket no. 5.)  The clerk of the court shall enter judgment

3 and close the file.

4      IT IS SO ORDERED.

5 DATED: July 10, 2006

6

7                         PHYLLIS J. HAMILTON
                          United States District Judge

8 G:\PRO-SE\PJH\HC.03\BELLE564.GrantMTD.ECK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                8